**SANDERS LAW GROUP**
Craig B. Sanders Esq. (Cal Bar 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126240

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| David Plastik, | |
|---|---|
| Plaintiff, | Case No: |
| v. | **COMPLAINT** |
| The Comedy Store, | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff David Plastik ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant The Comedy Store ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account known as @ *The World Famous Comedy Store* at www.facebook.com (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff David Plastik is an individual who is a citizen of the State of Nevada and maintains a principal place of residence in Clark County, Nevada.

6. Upon information and belief, Defendant The Comedy Store, is a California corporation in the State of California with a principal place of business at 8433 Sunset Blvd, West Hollywood in Los Angeles County, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over The Comedy Store because it maintains its principal place of business in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because The Comedy Store does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

# FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of the photographs which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

14. The Account is a popular and lucrative commercial enterprise.

15. The Account is monetized in that sells event ticks to the public and, upon information and belief, Defendant profits from these activities.

16. On January 8, 1990 Plaintiff authored a photograph of Charlie Sheen hanging out with the Rodney Dangerfield and Sam Kinison (the "*Photograph*"). A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

17. Plaintiff applied to the USCO to register the Photograph on April 2, 2018 under Application No. 1-6452706018.

18. The Photograph was registered by USCO on April 2, 2018 under

Registration No. VA 2-098-245.

19. On August 8, 2022 Plaintiff first observed the Photograph on the Account in a post that was dated November 25, 2020. A copy of the screengrab of the Account including the Photograph is attached hereto as Exhibit 2.

20. The Photograph was displayed at URL: https://www.facebook.com/TheComedyStore/photos/pb.100050660191653.-2207520000../10159179999777313/?type=3.

21. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as is set forth in Exhibit "1" on the Account.

22. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

23. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

24. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Account.

25. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

26. Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

27. Upon information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

28. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

29. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

30. Upon information and belief, Defendant monitors the content on its Account.

31. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

32. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

33. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

34. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

35. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

36. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

37. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

38. The Photograph is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

39. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

40. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's

exclusive rights in its copyrights.

41. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

42. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Website.

43. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

44. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

45. As a result of Defendant's violations of Title 17 of the U.S. Code,

Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

46. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.      for pre judgment interest as permitted by law; and

f.      for any other relief the Court deems just and proper.

DATED: February 14, 2023

                            **SANDERS LAW GROUP**

                            By:  */s/ Craig B. Sanders*
                            Craig B. Sanders, Esq. (Cal Bar 284397)
                            333 Earle Ovington Blvd, Suite 402
                            Uniondale, NY 11553
                            Tel: (516) 203-7600
                            Email: csanders@sanderslaw.group
                            File No.: 126240

                            *Attorneys for Plaintiff*