**ROSEN ◆ SABA, LLP**
TODD M. LANDER (State Bar No. 173031)
tlander@rosensaba.com
MICHAEL J. PENG (State Bar No. 260852)
mpeng@rosensaba.com
2301 Rosecrans Avenue, Suite 3180
El Segundo, California 90245
Telephone:  (310) 285-1727
Facsimile:   (310) 285-1728

Attorneys for Defendant
THE COMEDY STORE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Plastik,<br><br>        Plaintiff,<br><br>    vs.<br><br>The Comedy Store,<br><br>        Defendant. | Case No.:  2:23-cv-01084-JFW-SHK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. Proc. 12(b)(6)]**<br><br>Date:       June 12, 2023<br>Time:      1:30 p.m.<br>Courtroom: 7A<br><br>*Hon. John F. Walter*<br><br>Complaint Filed: March 13, 2023<br><br>[Filed concurrently with Request for Judicial Notice; [Proposed] Order] |



**TO PLAINTIFF DAVID PLASTIK ("Plaintiff"), HIS COUNSEL OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, on Monday, June 12, 2023, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 7A, of the United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Defendant The Comedy Store ("Defendant") will, and hereby does, move this Court for an order dismissing Plaintiff's Complaint without leave to amend.

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Complaint does not state facts sufficient to constitute a cause of action.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 2, 2023, and following a Meet and Confer letter sent by Defendant's counsel to Plaintiff's counsel on April 25, 2023.

The Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the files and records herein, and such further evidence as may be received by the Court.

DATED: May 3, 2023                              ROSEN ◆ SABA, LLP

                                                By:  /s/ Michael J. Peng
                                                     Todd M. Lander
                                                     Michael J. Peng
                                                     Attorneys for Defendant
                                                     THE COMEDY STORE



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff David Plastik ("Plastik") alleges a single count of Copyright infringement, under 17 U.S.C. Section 501, specifically alleging that Defendant The Comedy Store (the "Store") displayed on its Facebook page a 1990 photo depicting Rodney Dangerfield, Charlie Sheen and Sam Kinison (the "Photograph"), taken at the Store. Paragraph 16 alleges that Plaintiff "authored" the Photograph of January 8, 1990, which is to say he alleges the image was taken on January 8, 1990. The Complaint goes on to allege that the plaintiff registered the work in 2018 under U.S. registration certificate no. VA-2-098-245 (the "Registration"). On those threadbare facts, Plaintiff contends the Store has willfully infringed his protections in the Photograph – citing *Feist Publications, Inc. v. Rural Telephone Service, Inc.,* 499 U.S. 340, 361 (1991).

The Complaint does not, however, state claims on which relief can be granted for several fundamental reasons, most particularly because the copyright registration on which the count is based in demonstrably invalid as a matter of law. That conclusion is inevitable as a matter of law because: (1) a valid registration certificate is a necessary prerequisite to a claim for copyright infringement; (2) Plastik's registration is not entitled to the typical presumption of validity, because he registered the Photograph – and the 414 other works – in 2018, 28 years after they were allegedly published, and the Copyright Act only extends the presumption to works registered within 5 years of the date of initial publication; (3) the registration purports to register 415 published photographs, all 415 of which – according to the registration – were published on January 8, 1990, but Plastik's own website, of which the Court can take judicial notice, demonstrates that this Photograph was taken and published in 1987, not 1990; (4) collective work registrations for published works require all the registered works to first be published in a single unit of publication, and the 1987 date of this Photograph establishes that it was not published on January 8, 1990, when

– accordingly to Plastik's registration – all the other registered photographs were published, in contravention of the single unit of publication rule; (5) the registration fails even if considered a group registration for photographs, because copyright regulations require that any such group registration concern photographs all published in the same calendar year and the 1987 publication date of the Photograph in dispute lays waste to that requirement given that the registration represents that all covered works were published in 1990; and (6) Plastik's knowing misrepresentation of the publication date of the Photograph is of such materiality that the Copyright Office have been compelled to refuse the registration as a group under the regulations requiring all works to be published in the same calendar year, rendering the registration invalid as a matter of law.

Accordingly, and given these myriad and fatal flaws to Plastik's registration, this Motion should be granted and the Complaint dismissed.

## II.   STATEMENT OF FACTS

Plastik alleges he is a professional photographer who, on January 8, 1990, took a photograph of "Charlie Sheen hanging out with Rodney Dangerfield and Sam Kinison." Compl. ¶¶ 10, 16. He further contends that on April 2, 2018, he applied for and registered the photograph to a copyright under Registration No. VA 2-098-245. Compl. ¶¶ 17-18. The Complaint asserts that, on August 8, 2022, Plastik first observed on August 8, 2022, on the [Photograph on the Store's Facebook page and that](#) the account indicated the photo was posted on November 25, 2020. Compl. ¶¶ 19. Plastik claims the Store's use of the Photograph on its Facebook page was done without obtaining a license to publish the photo or having Plastik's permission or consent, and that work depicted on that page "is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the [Facebook] Account." Compl., ¶¶ 20-22, 24. And he concludes by alleging that the Store's use of the Photograph resulted in a direct financial benefit to it and an increase

in traffic to the Store's Facebook account which, in turn, resulted in an increase in the Store's advertising revenues and/or merchandise sales. Compl. ¶¶ 24, 31-32.

Plastik asserts that his copyright registration VA 2-098-245 (the "Registration") covers the Photograph at issue. Compl. ¶ 19. The Registration is, in fact, a collection of 415 different photographs. (RJN, Exh. 1, Copyright Registration.) The Registration purports that the photographs were all published on January 8, 1990, but were not registered until April 2, 2018. *Id.*

A copy of the Photograph can be found on [Plastik's own website](). (RJN, Exh. 2, screenshot from Plastik's website.) Next to the Photograph on website is the date "July 1987." Both the Registration and screenshot may be properly considered as judicially noticeable documents. (*See* concurrently filed RJN.)

## III. <u>LEGAL STANDARD</u>

Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the complaint. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (A court should grant a Rule 12(b)(6) motion if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (Internal quotes omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 127 (Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss. (Citations omitted)). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S. Ct. at 1959.

## IV. THE COMPLAINT FAILS TO STATE A VIABLE CLAIM FOR COPYRIGHT INFRINGEMENT

Under the Copyright Act – subject to certain exceptions that are not applicable here – a prerequisite to filing an infringement suit is that the copyright holder must register its copyright in a work with the United States Copyright Office. 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010). But the law is similarly clear that "an infringement plaintiff cannot satisfy this precondition by duping the Copyright Office into issuing a certificate of registration based on a false claim of copyright ownership." *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 622 (7th Cir. 2013). To prevent plaintiffs from abusing the registration process in this way, the Copyright Act allows for the invalidation of registrations obtained by knowing misrepresentations of material facts. *See* 17 U.S.C. § 411(b)(1)(A)-(B). Section 411 specifically provides that a registration will not support the pursuit of an infringement action if (1) the registrant included "inaccurate information . . . on the application for copyright registration with knowledge that it was inaccurate;" and (2) "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." *Id.*; *see also Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.,* 142 S. Ct. 941, 945 (2022).

As explained below, Plastik cannot establish ownership of valid copyright to the Photograph as a basic matter of law, and this Motion to Dismiss should therefore be granted.

### A. Plastik's Registration For the Photograph Is Not Entitled to a Presumption of Validity

17 USC §410(c) provides:

> In any judicial proceedings the certificate of a registration made ***before or within five years after first publication of the work*** shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.



[Emphasis added.]

The five-year distinction is based on recognition that the longer the lapse of time between publication and registration, the less likely to be reliable are the facts stated in the certificate. *Notes of Committee on the Judiciary*, H.R. No. 94-1476. A copyright claimant's failure to register a work within five years of first publication shifts the burden of proving the facts underlying the registration – including authorship, ownership and originality – to plaintiff (as opposed to requiring the defendant to prove the invalidity of the copyright). *See id.* ("[E]ndowing a copyright claimant who has obtained a certificate with a rebuttable presumption of the validity of the copyright . . . merely orders the burdens of proof. The plaintiff should not ordinarily be forced in the first instance to prove the entire multitude of facts that underline the validity of the copyright unless the defendant, by effectively challenging them, shifts the burden of doing so to the plaintiff.")[1]

Thus, for example, in *Brown v. Latin American Music Co.,* 498 F.3d 18, 24 (1st Cir. 2007), the First Circuit determined – applying Section 410 – that no presumption of validity attended to registration certificate for certain poems where the poems were registered more than twenty years after the alleged date of first publication:

> [T]he district court observed that LAMCO's copyright did not benefit from *prima facie* validity, and concluded that the LAMCO registration would receive little or no weight. The court referred to the passage of twenty years between the date of first publication stated on the registration certificate and the date of registration, citing *Sem–Torq, Inc. v. K Mart Corp.,* 936 F.2d 851, 854 (6th Cir.1991) (upon a gap of six years after first publication "the district court was not bound to accept the validity of the copyright"). *See also Latin Am. Music Co. v. Archdiocese of San Juan of the Roman and Apostolic*

---

[1] The historical note to Section 410(c), it its entirety, provides as follows: "The principle that a certificate represents prima facie evidence of copyright validity has been established in a long line of court decisions, and it is a sound one. It is true that, unlike a patent claim, a claim to copyright is not examined for basic validity before a certificate is issued. On the other hand, endowing a copyright claimant who has obtained a certificate with a rebuttable presumption of the validity of the copyright does not deprive the defendant in an infringement suit of any rights; it merely orders the burdens of proof. The plaintiff should not ordinarily be forced in the first instance to prove all of the multitude of facts that underline the validity of the copyright unless the defendant, by effectively challenging them, shifts the burden of doing so to the plaintiff."

DEFENDANT'S MOTION TO DISMISS

> *Church,* 194 F.Supp.2d 30, 39 (D.P.R.2001) (when more than five years have elapsed between first publication and registration, the court is not required to accept the *prima facie* validity of the copyright); *Tuff 'N' Rumble Mgmt., Inc. v. Profile Records, Inc.,* 1997 WL 158364, 42 U.S.P.Q.2d (BNA) 1398 (S.D.N.Y. 1997) (registration of a work more than five years after first publication does not constitute *prima facie* evidence that the copyright is valid, and thus the claimant has the burden of proving the validity of its copyright).

The Court, in reaching that obvious conclusion, explained that the registrations should be afforded little or no evidentiary weight, particularly given that information of the registrations themselves did not appear entirely accurate:

> The district court found "specific reason here to question the facts contained in the certificate, as it states that the first publication of the copyrighted work was February 18, 1979, but Defendants, in their opposition to Plaintiff's statement of uncontested facts, conceded that five of the poems in question— 'Andando de Noche Sola,' 'En la Vida Todo es Ir,' 'Inriri Cahuvial,' 'El Hijo,' and 'Ayubiri'—were first published in 1957." *Brown,* slip op. at 8. The court mentioned LAMCO's admission that the facts stated in the registration certificate are "not wholly accurate," and also that LAMCO proffered no evidence to counter Brown's submissions concerning the publication of the poems.

Those principles obtain here, and demonstrate in turn the inefficacy of the Registration. Specifically, as evidenced by the copyright certificate, Plastik claims that the Photograph was published on January 8, 1990, and yet it was not registered until April 2, 2018, some **twenty-eight (28) years** after publication. (*See* RJN, Exh. 1, .) The statutory presumption of validity does not, as a consequence, attend to the Registration. 17 USC § 410 (c). And absent that presumption, Plastik cannot rely on the content of the Registration to establish, for example, the date of creation of the Photograph or his ownership and rights to that work. The Court should thus afford it little or no weight to the registration – particularly given the nearly three-decade duration between the alleged publication of the Photograph and its registration –and the burden is thus on Plastik to prove "the entire multitude of facts that underline the validity of the copyright." 17 USC § 410 (c).

### B. The Registration for the Photograph Is Defective and Cannot Support A Suit for Infringement of the Photograph Because It Violates the Single Unit of Publication Rule As a Collective Work

A glaring problem Plastik's Complaint faces is that for multiple published works to be registerable in a single registration, each such work must first be published in a "single unit of publication." 37 C.F.R. § 202.3(b)(4)(i)(A); *see also, e.g., Olander Enterprises, Inc. v. Spencer Gifts,* 812 F.Supp.2d 1070, 1076 (C.D. Cal 2011) ["a group of published works must ***be first published together*** in order to qualify as a 'single unit of publication' for purposes of a 'single work' registration"], *citing United Fabrics Int'l v. C&J Wear,* 630 F.3d 1255, 1259 (9th Cir. 2011). (Emphasis added.) "Such an interpretation supports one of the fundamental policy goals of the Copyright Act, which is to promote a robust federal register of existing copyrights by discouraging copyright holders from sitting on their rights." *Olander Enterprises, Inc. v. Spencer Gifts, LLC*, 812 F. Supp. 2d 1070, 1076-77 (C.D. Cal. 2011).

The Registration is plainly subject to cancellation because it violates the single unit of publication rule for collective works. Plastic has, to be more precise, registered ***415 photographs*** in a single registration, each and every one of which he contends was authored on January 8, 1990 and each of which was first published the very same day, on January 8, 1990. It belies common sense that Plastik purported to author 415 photos on January 8 1990 and then amazingly published them all together in a single unit of publication – years before the internet arrived – on January 8, 1990.[2] Indeed, Plastik's own website [link here] establishes that the Photograph at

---

[2] Litigants who challenge copyright registrations under Section 411(b) may utilize "any of the 'usual ways' to prove actual knowledge," including "through 'inference from circumstantial evidence.'" *Intel Corp.,* 140 S. Ct. at 779 (quoting *Farmer v. Brennan,* 511 U.S. 825, 842 (1994)); *see also Staples v. United States,* 511 U.S. 600, 615, n. ll (1994) ("[K]nowledge can be inferred from circumstantial evidence."). Thus, considerations such as the settled nature of a legal requirement, a registrant's motive to include an inaccuracy in its application, and the plausibility of a registrant's asserted ignorance or mistake may all be relevant in establishing knowledge under Section 411(b)(1)(A).



issue here was not taken on January 8, 1990; rather, it was taken in July 1987. (RJN, 2, screenshot from Plastik's website.)

Moreover, the Registration itself provides no assistance because, for the reasons explained above, it lacks the presumption of validity and any evidentiary value. And if the Registration is invalid, Plaintiff cannot dispute the fact that the undisputed evidence subject to judicial notice makes clear that Plastik's photographs could not be validly registered as a single work; an incurable defect of his registration. *See McLaren*, 2010 WL 4615772 at *4.

The Complaint must therefore be dismissed under 17 U.S.C. Section 412 – requiring a valid registration certificate as a prerequisite to prosecuting an infringement claim.[3]

### C. The Registration Is Also Defective As A "Group Registration"

Plastik may contend that the Registration was a "group registration," *i.e.,* a single registration that covers more than one photograph. The Registration on its fact, in fact, claims to be "for a Group of Published Photographs." (RJN, Exh. 1.)

The requirements for a "group registration" of published photographs specifically requires that "[a]ll the photographs must be ***published within the same calendar year,*** and the application must specify the earliest and the latest date that the photographs were published during the year." 37 C.F.R. § 202.4(i); *see also* Copyright Circular No. 42. Photographs that do not satisfy these requirements cannot be registered using the group option.

As laid out above, however, Plastik's Registration carries no statutory presumption of validity since the photographs were not registered until more than 28 years after they were first published in January 1990. On top of that, the Registration

---

[3] Even if Plastik were to re-registration the Photograph in the wake of a cancellation of the present Registration, the effective date of the new registration would post-date the alleged acts of infringement and thus prohibit the recovery of statutory damages and/or attorneys' fees. 17 U.S.C. Section 412.



would still fail because it does not meet the statutory requirements for a "group registration," because the 415 photographs were not published within the same calendar year. To be clear, "published" is defined as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 101.

Plastik's registration defies a basic element of these requirements. First, it is apparent that that all 415 photographs in the registration were not published in the same year. Indeed, Plastik's own website demonstrates that the Photograph must have been taken in 1987, not 1990. (RJN, 2, screenshot from Plastik's website.) And when coupled with the Complaint's assertion that Plastik published the work on the same day he purportedly authored it, the resulting conclusion is that it was published in 1987, not 1990. That would, in turn, vitiate the Registration because not all of the 415 works within the registration would have been published in 1990.

That said, the material dichotomy between Plastik's website and the content of the Registration further demand a finding of invalidity. The law, in that regard, is plain that where false information is provided knowingly on a copyright registration application and the copyright would have refused registration if the true facts were known, any registration issued on the basis of that false information is invalid. *See St. Luke's Cataract and Laser Institute v. Sanderson,* 573 F.3d 1186, 1201(11th Cir. 2009); *see also* 17 U.S.C. § 411(b)(1). In our case, there are at least two inaccuracies evident in Plastik's application for copyright registration. First, although Plastik identified January 8, 1990 as the date of first publication for all 415 works listed in the Registration, it strains credulity that all 415 photographs would have been authored and published on that date. And as indicated, January 8, 1990, could *not* be the date those works were first authored and published, because as represented on Plastik's own website, the Photograph was taken in July 1987. That information was therefore "inaccurate." 17 U.S.C. 411(b)(1)(A). Thus, if the Registration is

considered a collective and published work registration, it fails because it did not constitute a "single unit publication" under 37 C.F.R. § 202.3(b)(4)(i)(A). The simple fact is that Plastic's application contained implicit and inaccurate representations that the various works satisfied the legal requirements for a collective registration.

That said, even if considered a group registration, the Copyright Office would have been be compelled to deny the Registration had it been aware that the Photograph was published in 1987 and not 1990, because that would *ipso facto* render the collection of photographs ineligible for group registration under the regulations.[4] And given that the Copyright Office would be prohibited from registering this group, the Registration actually issued – on the basis of the false information identified above – is necessarily invalid.

## II. CONCLUSION

For the reason discussed above – because the Photograph's Registration is invalid whether it was a collective work registration or group registration – the Store urges dismissal of Plaintiff's Complaint, without leave to amend.

DATED: May 3, 2023                                    ROSEN ✧ SABA, LLP

By:    */s/ Michael J. Peng*
Todd M. Lander
Michael J. Peng
Attorneys for Defendant
THE COMEDY STORE

---

[4] That the misrepresentation was knowing is beyond dispute, because Plastik's website establishes that he *knew* when the Photograph was taken and published (1987) and thus knew his contrary representation to the Copyright Office (that it was published in 1990) was false.

# CERTIFICATE OF COMPLIANCE

[Local Rule 11-6.2]

Counsel of Record hereby certifies that pursuant to Rule 8.204(c)(1) of the California Rules of Court, the enclosed brief of The Comedy Store is produced using 13-point Roman type including footnotes and contains approximately 2,340 words, which is less than the total words permitted by the rules of court.  Counsel relies on the word count of the computer program used to prepare this brief

The undersigned, counsel of record for Defendant The Comedy Store, certifies that this brief contains 3,543 words, which complies with the word limit of L.R. 11-6.1.

DATED:  May 3, 2023                                   ROSEN ✧ SABA, LLP

                                      By:     */s/ Michael J. Peng*
                                              Todd M. Lander
                                              Michael J. Peng
                                              Attorneys for Defendant
                                              THE COMEDY STORE